IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

RAYMOND DOUGLAS HARDY                                    PLAINTIFF

v.                          Civil No. 1:24-cv-01053-SOH-BAB

CAPTAIN LISA WORLEY; and
SHERIFF RICKY ROBERTS                                    DEFENDANT

## REPORT AND RECOMMENDATION

Plaintiff, Raymond Douglas Hardy., filed this action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Susan O. Hickey, Chief United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation.

The case is before the Court for preservice screening under the provisions of 28 U.S.C. § 1915A(a). Pursuant to § 1915A(a), the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

## I.   BACKGROUND

Plaintiff filed his original Complaint and Motion for Leave to Proceed *in forma pauperis* ("IFP Motion") on August 16, 2024. (ECF No. 1, 2). Plaintiff then filed a second IFP Motion on August 19, 2024. (ECF No. 7). The Court granted Plaintiff IFP status on August 27, 2024. (ECF No. 9). Plaintiff also filed an Amended Complaint on August 26, 2024. (ECF No. 8). Plaintiff is currently incarcerated in the Union County Detention Center ("UCDC"), and at the

1

time in issue he was a pretrial detainee.   (ECF No. 8, p. 2).

In his Amended Complaint, Plaintiff lists two claims against Defendants, Captain Lisa Worley, and Sheriff Ricky Roberts.  (ECF No. 8).   In Claim One, Plaintiff alleges Defendant Worley violated his "federal statutory rights."   Specifically, Plaintiff claims Defendant Worley, on June 26, 2024, interfered with his legal mail to the District Clerk's Office.   Specifically, Plaintiff states:

> On 8/2/24 I received mail that was scanned to me with what I asked the District Clerk to send me.  It was sent back to me on a letter head stating Union County Sheriff.  That illegal cause it was not address to her or the jail.   Tampering with legal mail.

(ECF No. 8, p. 5) (errors in original).   Plaintiff goes on to state the Postmaster General needs to be informed of Defendant Worley's mail tampering.   Plaintiff claims Defendant Worley's actions were discrimination and retaliation.  *Id.*

Next in Claim Two, Plaintiff claims Defendant Roberts also violated his federal statutory rights based on the same incident with his legal mail.   Specifically, Plaintiff alleges:

> On the 8/2/24 I received on a letter head stating Union County Sheriff.   From Ricky Roberts Sheriff what the dates I was asking for from the District Clerk Office.   Why when the Letter was clearly marked Legal Mail and it wasn't address to the Sheriff or the Jail Administrator they broke federal statute when they opened my legal mail.   Clearly this was done in spite and [maliciously] cause I have got a lawsuit against a Judge here and they are [censoring] my mail . . .

(ECF No. 8, p. 6) (errors in original).   Plaintiff goes on to claim these actions by Defendant Roberts violated his Fourteenth Amendment rights by discriminating and retaliating against him. *Id.* at 7.

Plaintiff alleges both claims against Defendants in their individual and official capacities. (ECF No. 8).

For relief, Plaintiff requests both compensatory and punitive damages.   Additionally,

2

Plaintiff request injunctive relief by firing Defendants from their jobs.   (ECF No. 8, p. 9).

Finally, Plaintiff indicates in his Complaint he has brought two other cases in federal court while a prisoner.   (ECF No. 8, p. 10).   However, the Court notes Plaintiff currently has four Complaints pending before this Court in addition to this case.   *See Hardy v. Barker,* Civil No. 1:24-cv-01046 (filed July 15, 2024); *Hardy v. Mitcham, et al.,* Civil No. 1:24-cv-01052 (filed August 14, 2024); *Hardy v. Singleton, et al.,* Civil No. 1:24-cv-01062 (filed September 16, 2024); *Hardy v. Worley, et al.,* Civil No. 1:24-cv-01060 (filed September 10, 2024).

## II.    APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief.   28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact."   *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).   An action is malicious when the allegations are known to be false, or it is undertaken for the purpose of harassing or disparaging the named defendants rather than to vindicate a cognizable right.   *In re Tyler*, 839 F.2d 1290, 1293-94 (8th Cir. 1988); *Spencer v. Rhodes*, 656 F. Supp. 458, 464 (E.D.N.C. 1987).   A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face."   *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).   "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).   However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III.    DISCUSSION

While Plaintiff lists two separate claims in his Complaint, the Court interprets Plaintiff's allegations to state one denial of access to the courts claim against both Defendants.

### A.  Access to the Court

Plaintiff cannot prevail on an access to courts claim unless he can demonstrate he suffered prejudice or actual injury because of the prison officials' conduct.   *See Lewis*, 518 U.S. at 351-2; *see also Farver v. Vilches*, 155 F.3d 978, 979-80 (8th Cir. 1998) (per curiam); *Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (to prevail on access-to-courts claim, inmate must show actual injury or prejudice even if denial of access to library is complete and systematic); *McMaster v. Pung*, 984 F.2d 948, 953 (8th Cir. 1993).   "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim.'"   *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (internal quotation and citations omitted).

Here, Plaintiff has not alleged any injury or prejudice from the asserted interference with his mail.   Instead, he claims he received what he requested.   His complaint is that the information came from the Sheriff's Office instead of the District Clerk.   (ECF No. 8, p. 6).   This is not an injury.   Additionally, the Court notes Plaintiff's mail is most certainly leaving the UCDC and arriving at the District Court Clerk's Office as evidenced by dockets in the four cases Plaintiff currently has pending in this Court.   *See Hardy v. Barker,* Civil No. 1:24-cv-01046 (filed July 15, 2024); *Hardy v. Mitcham, et al.,* Civil No. 1:24-cv-01052 (filed August 14, 2024); *Hardy v. Singleton, et al.,* Civil No. 1:24-cv-01062 (filed September 16, 2024); *Hardy v. Worley, et al.,*

Civil No. 1:24-cv-01060 (filed September 10, 2024). Plaintiff has not suffered any injury or prejudice with any of his pending cases because of mail interference.

Accordingly, Plaintiff's claims for denial of access to the courts—through the tampering of his legal mail—must fail as a matter of law and should be dismissed.

### B. Discrimination

The Court construes Plaintiff's claim for "discrimination" as one for violation of his equal protection rights. To state a cognizable claim under the Equal Protection Clause, Plaintiff must allege: (1) intentional or purposeful discrimination; and (2) a violation of a fundamental right, membership in a protected class, or different treatment of similarly situated inmates. *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003). Plaintiff does not assert any facts to show he was discriminated against, that he belongs to a protected class, or that other similarly situated persons were treated differently than Plaintiff. Accordingly, Plaintiff failed to state a cognizable claim under the Equal Protection Clause.

### C. Retaliation

Regarding Plaintiff' retaliation claim, the Court notes Plaintiff has alleged sufficient facts at this stage to state a claim for retaliation against both Defendants. *See Revels v. Vincenz*, 382 F.3d 870, 876 (8th Cir. 2004) (to establish a First Amendment retaliation claim under Section 1983 a plaintiff must show: "(1) he engaged in a protected activity, (2) the government official took adverse action against him that would chill a person of ordinary firmness from continuing the activity, and (3) the adverse action was motivated at least in party by the exercise of the protected activity." Accordingly, Plaintiff's retaliation claim will be served by separate order.

### D. Federal Mail Crimes

To the extend Plaintiff is seeking criminal charges against the Defendants for interfering

5

with his mail, such claim fails as a matter of law.   Plaintiff has no constitutional right to have law enforcement officials investigate a reported crime.   *See Brown v. Hickman*, 2015 WL 1097392, *6-7 (Mar. 11, 2015) (citing to *Sheets v. Mullins*, 287 F.3d 581 (6th Cir. 2002)).

### E.  Official Capacity

Under Section 1983, a defendant may be sued in either his personal capacity, or in his official capacity, or claims may be stated against a defendant in both his personal and his official capacities.   The type of conduct that is actionable and the type of defense available depend on whether the claim is asserted against a defendant in his official or individual capacity.   *See Gorman v. Bartch*, 152 F.3d 907, 914 (8th Cir. 1998) (internal citations omitted).   "Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself."   *Id.*   Personal capacity claims "are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense" to these individual capacity claims.   *Id.*   To state a claim under 42 U.S.C. § 1983, Plaintiff must allege that the defendant acted under color of state law, and that the actor violated a right, privilege, or immunity secured by the Constitution.   *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999).

Plaintiff did not allege any policy, procedure, or custom of Union County caused any of his complaints.   Accordingly, Plaintiff has failed to state any official capacity claims.

### IV.    CONCLUSION

For these reasons, it is recommended:

(1) Plaintiff's claims of access to the courts, discrimination, and all official capacity claims

be **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and

(2) Plaintiff's claim of retaliation against both Defendant Roberts and Worley remain for further litigation.

The Court will issue service by separate order on Plaintiff's retaliation claim.

**Referral Status: This case should remain referred.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 7th day of October 2024.

*/s/ Barry A. Bryant*
_____
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE